IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JESSIE HAWKINS | § | |
| VS. | § | CIVIL ACTION NO. 1:06cv176 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM OPINION

Petitioner Jessie Hawkins, an inmate incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed the above-styled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Factual Background and Prior Proceedings

In 2004, pursuant to a plea of guilty entered in the 252nd District Court of Jefferson County, Texas, petitioner was convicted of aggravated robbery. *State of Texas v. Jessie Sidney Hawkins*, cause no. 90686. He was sentenced to 20 years imprisonment. The Texas Court of Appeals for the Ninth District dismissed an appeal for lack of jurisdiction. *State v. Hawkins*, No. 09-04-282. Petitioner did not file a petition for discretionary review with the Texas Court of Criminal Appeals.

On July 26, 2005, petitioner filed a state application for writ of habeas corpus. The Court of Criminal Appeals denied the

1

application without written order on the findings of the trial court without a hearing. *Ex parte Hawkins*, Appl. No. 63,135-01. After the current petition was filed, petitioner filed a subsequent state application. The Court of Criminal Appeals denied this application as an abuse of the writ. *Ex parte Hawkins*, Appl. No. 63,135-04.

Grounds for Review

In his original petition, petitioner asserted the following grounds for review: (1) his plea of guilty was involuntary and (2) he received ineffective assistance of counsel because counsel: (a) failed to follow up on leads; (b) failed to comply with petitioner's wish to go to trial; (c) provided misinformation concerning the plea agreement and coerced him into pleading guilty by telling him he would be sentenced to 50 years imprisonment if he insisted on going to trial and lost; (d) failed to have command of the facts and to adequately confer with petitioner and (e) had a conflict of interest because he had been under investigation by the Texas State Bar. Petitioner subsequently supplemented his petition to add the following grounds for review (referred to herein collectively as the "Supplemental Grounds for Review"): (1) he received ineffective assistance of counsel because at the time he entered his guilty

2

plea, his attorney's license to practice law had been suspended and (2) he was not mentally competent to enter his plea of guilty.

## Procedural Bar

The respondent asks that petitioner's Supplemental Grounds for Review be dismissed as procedurally barred.

A federal court may not consider a state prisoner's constitutional claim if the state courts which considered the claim based their rejection of the claim on an adequate and independent state ground. *See Martin v. Maxey*, 98 F.3d 844 (5th Cir. 1996). A claim dismissed by a state court on an adequate and independent state ground is considered to be procedurally defaulted or barred for the purpose of federal habeas review. However, the procedural default doctrine should only be applied if the last state court to consider a claim "clearly and expressly" relied on an adequate and independent state ground as its basis for dismissal. *See Coleman v. Thompson*, 501 U.S. 722, 735 (1991).

While petitioner asserted his Supplemental Grounds for Review in his second state application for writ of habeas corpus, he did not include these allegations in his first application. As stated above, the dismissal of petitioner's second state

3

application by the Court of Criminal Appeals was based on the Texas state abuse of the writ doctrine.

A dismissal of a ground for review asserted in a habeas petition under an abuse of the writ doctrine can qualify as a procedural bar. *See Murch v. Mottram*, 409 U.S. 41 (1972) (*per curiam*). A procedural bar is not adequate, however, unless it is applied "strictly or regularly" to the "vast majority of similar claims." *Amos v. Scott*, 61 F.3d 333, 339 (5th Cir.), *cert. denied*, 516 U.S. 1005 (1995). The Texas Court of Criminal Appeals applies its abuse of the writ doctrine regularly and strictly. *Emery v. Johnson*, 139 F.2d 191 (5th Cir. 1997); *Fearance v. Scott*, 56 F.3d 633 (5th Cir.) (*per curiam*), *cert. denied*, 515 U.S. 1153 (1995).[1]

It is clear from the record that petitioner has procedurally defaulted his Supplemental Grounds for Review. However, even procedurally defaulted claims may be considered if the petitioner shows cause and prejudice regarding the default or shows that absent a review of the claim by a federal court, a fundamental

---

[1] While the Court of Criminal Appeals historically failed to apply the abuse of the writ doctrine in a strict or regular manner, *see Lowe v. Scott*, 48 F.3d 873 (5th Cir. 1995), the court, in 1994, announced the adoption of a strict abuse of the writ doctrine. *Ex parte Barber*, 879 S.W.2d 889 (Tex. Crim. App. 1994).

4

miscarriage of justice will result.[2] *Coleman v. Thompson*, 501 U.S. 622, 755 (1991). In this case, however, petitioner has failed to establish cause or prejudice for failing to assert his Supplemental Grounds for Review in his first state application and has not shown that a fundamental miscarriage of justice will result if these grounds for review are not considered. As a result, the dismissal of his petitioner's second state application under the abuse of the writ doctrine bars consideration of his Supplemental Grounds for Review in this proceeding.[3]

<u>Remaining Grounds for Review</u>

*Standard of Review*

When a federal district court reviews a habeas petition filed pursuant to 28 U.S.C. § 2254, it must defer to the

---

[2] A fundamental miscarriage of justice occurs when a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Sawyer v. Whitley*, 945 F.2d 812, 816 (5th Cir. 1991).

[3] Even if the Supplemental Grounds for Review were cognizable in this proceeding, they would not entitle petitioner to relief. Documents submitted by petitioner show that from April 1, 2004, through September 30, 2006, his attorney's law license was subject to a fully probated suspension. However, when the suspension of an attorney's license has been fully probated, the attorney remains eligible to practice law. *United States v. Burton*, 2006 WL 3499510 (S.D. Tex. Dec. 5, 2006). As a result, petitioner was not represented by an unlicensed person when he entered his plea of guilty. In addition, while petitioner lists certain medications he was taking at the time he entered his plea of guilty, he has failed to submit evidence which would demonstrate that a person taking such medications would have been incompetent to enter a plea of guilty.

determination of state courts in any case adjudicated on the merits in state court proceedings.[4] *Robertson v. Cain*, 324 F.3d 297, 301 (5th Cir. 2003). A federal court may only overturn a state court's determination as to a question of law or a mixed question of law and fact if that determination was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or if the state court's adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). As used in subsection (d)(1) of Section 2254, the phrase "clearly established Federal law, as determined by the Supreme Court of the United States" refers to holdings of the Supreme Court rather than mere dicta. *Williams v. Taylor*, 529 U.S. 362 (2000). Further, a decision is contrary to clearly established federal law if the state court: (a) arrived at a conclusion opposite to that reached by the Supreme Court on a question of law or (b) decided a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Id*. A decision involves an

---

[4] In petitioner's case, the Court of Criminal Appeals denied his first application for writ of habeas corpus on the findings of the trial court without a hearing. Under Texas law, the denial of relief by the Court of Criminal Appeals constitutes a denial of relief on the merits. *Barrientes v. Johnson*, 221 F.3d 741, 779-80 (5th Cir. 2000).

unreasonable application of clearly established federal law if the state court identified the correct legal principle, but unreasonably applied the principle to the petitioner's case. *Id*. A federal habeas court may not grant relief merely because it believes the state court applied clearly established federal law incorrectly or erroneously. Instead, the court must conclude the state court's application of clearly established federal law was unreasonable. *Id*.

In addition, 28 U.S.C. § 2254(d)(2) instructs federal court to "give deference to the state court's [factual] findings unless they were 'based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."' *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). The resolution of factual issues by a state court is presumptively correct and will not be disturbed unless the petitioner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

*Remaining Grounds for Review*

A. <u>Involuntary Guilty Plea</u>

Initially, petitioner asserts his plea of guilty was involuntary. In support of this contention, he states his attorney's interpretation of the plea agreement was different

7

from the prosecutor's interpretation.  He also states he was coerced into pleading guilty because his counsel told him he would be sentenced to at least 50 years imprisonment if he lost at trial.

Federal courts must uphold a guilty plea challenged in a habeas petition if the plea was knowing, voluntary and intelligent.  *James v. Cain*, 56 F.3d 662 (5th Cir. 1995) (citing *Hobbs v. Blackburn*, 752 F.2d 1079 (5th Cir.), *cert. denied*, 474 U.S. 838 (1985)); *Blackburn v. Wainwright*, 658 F.2d 1083 (5th Cir. Unit B 1981) (citing *Brady v. United States*, 397 U.S. 742 (1970)).  "When considering challenges to guilty plea proceedings, [the courts] have focused on three core concerns: absence of coercion, the defendant's understanding of the charges, and a realistic understanding of the consequences of a guilty plea."  *United States v. Garcia* 983 F.2d 626, 627-28 (5th Cir. 1993).  The consequences of a guilty plea means only that the defendant knows "the maximum prison term and fine for the offense charged."  *Ables v. Scott*, 83 F.3d 591, 592 n.2 (5th Cir. 1996).

The record before the court contains a document entitled "Written Plea Admonishments" which is signed by petitioner.  The document informed petitioner that upon conviction of the offense

charged, he would be sentenced to a term of not less than 5 nor more than 99 years imprisonment. In addition, during the plea colloquy, the court explained to petitioner that under his plea agreement he would not be sentenced to more than 20 years imprisonment. The court further stated that while the court expected petitioner's counsel would request a sentence of 7 years and the prosecution would seek a 20 year sentence, the court would make the final decision as to what sentence should be imposed. Petitioner stated he understood this. Further, petitioner acknowledged he had signed the document, that his attorney had explained the document to him and that he had no questions about the document. "Solemn declarations in open court carry a strong presumption of verity," establishing a "formidable barrier in any subsequent collateral proceedings." *Blackledge v. United States*, 431 U.S. 63, 73-74 (1977).

Petitioner does not contend he failed to understand the charges against him. The record demonstrates he was informed of the consequences of his plea of guilty. Petitioner does state he was coerced into entering a plea of guilty because his attorney told him he would be sentenced to at least 50 years imprisonment if he lost at trial. However, "[a] defense attorney should make informed predictions about the consequences of either pleading

9

guilty or going to trial." *United States v. Cothran*, 302 F.3d 279, 284 (5th Cir. 2002). A defense attorney's stern warnings about the potential for a lengthy prison sentence does not compromise the voluntariness of a guilty plea. *Urseti v. Lynaugh*, 821 F2d 1099 (5th Cir. 1987) (finding plea voluntary where attorney warned client he would be lucky to get 99 years if he went to trial). As a result, counsel's statement that petitioner would be sentenced to at least 50 years imprisonment if he lost at trial does not compel the conclusion that petitioner's plea was coerced.

As the record does not demonstrate petitioner was coerced into pleading guilty or that he lacked an understanding of the charge against him or the consequences of his plea of guilty, petitioner has failed to demonstrate his plea was involuntary. This ground for review is therefore without merit.

B. <u>Ineffective Assistance of Counsel</u>

1. <u>Legal Standard</u>

A claim of ineffective assistance of counsel is reviewed under the standards announced by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). "First, a defendant must demonstrate that 'counsel's representation fell below an objective standard of reasonableness,' with reasonableness being

10

judged under professional norms prevailing at the time counsel rendered assistance." *Black v. Collins*, 962 F.2d 394, 401 (5th Cir. 1992 (quoting *Strickland*, 466 U.S. at 688). Second, if counsel was ineffective, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. A claim of ineffective assistance of counsel will only merit habeas relief when a petitioner satisfies both prongs of the *Strickland* test. *See Strickland*, 466 U.S. at 687-97.

2. Application

a. Failure to Follow Up on Leads

Petitioner states counsel failed to follow up on leads he provided as to a possible defense based upon prescription medications he was taking at the time his offense was committed. However, while petitioner has provided a list of medications he had previously taken, it is not clear from the list what medications he was taken at the time the offense was committed. Nor has he provided any evidence which would support a the conclusion that taking such medications would have provided him with a defense to the offense charged. In the absence of such

11

evidence, it cannot be concluded counsel's failure to further investigate petitioner's medications fell below an objective standard of reasonableness or caused petitioner to suffer prejudice.

    b. <u>Ignored Petitioner's Desire to Go to Trial</u>

Petitioner states counsel ignored his wish to go to trial.

As indicated above, petitioner told the court that he wanted to plead guilty, that his plea was entered of his own free choice and that he had no questions about the plea agreement. In light of this testimony, it cannot be concluded counsel ignored petitioner's wish to go to trial in a manner which would constitute ineffective assistance of counsel. Even if petitioner might have wished to proceed to trial at one point, his statements on the day his plea was entered demonstrate he had changed his mind.

    C. <u>Misinformation Regarding Plea and Coercion</u>

Petitioner states counsel provided him with misinformation regarding his plea and plea agreement and coerced him into pleading guilty by stating he would receive a lengthy sentence if found guilty at trial. He also states counsel did not explain how the facts of the case related to the charge against him.

12

As stated above, informing a defendant as to what sentence he could receive if he went to trial and lost is not improper. In addition, petitioner has not explained how he misunderstood the relationship between the facts of his case and the charge against him or how counsel failed to explain this relationship. Finally, while petitioner also does not explain what misinformation counsel provided concerning the plea agreement, the record reflects the court clearly explained the terms of the plea agreement to petitioner. Based on the foregoing, this ground for review is without merit.

d. <u>Failure to Have Command of Facts of Case and Confer with Petitioner</u>

Petitioner states counsel never had command of the facts of his case and failed to adequately confer with him.

The only facts described by petitioner that counsel apparently failed to understand was the relevance of certain prescription medications taken by petitioner to a possible defense to the charge against him. However, as explained above, the information provided by petitioner about the medications and how they might relate to whether he could be held responsible for the crime committed does not permit the court to conclude either that counsel's failure to have a better command of such facts

13

fell below an objective standard of reasonableness or caused petitioner to suffer prejudice. Nor has petitioner demonstrated how additional conferences with counsel would have placed counsel in a better position to defend him. This ground for review is therefore without merit.

    e.  <u>Conflict of Interest</u>

Petitioner states that at the time he represented petitioner, counsel was under investigation by the State Bar of Texas and the 172nd District Court of Jefferson County, Texas. He states the investigation began on January 29, 2002, and continued until March 30, 2004, when counsel agreed to a probated suspension of his license to practice law. He states counsel never informed him he was under investigation.

Petitioner has not attempted to explain how his attorney would have been subject to a conflict of interest simply because he was under investigation by the State Bar or to explain how or why counsel would have acted differently if he had not been under investigation. He does not state the investigation had anything to do with counsel's representation of petitioner or provide any theory as to why the investigation of counsel's conduct would have pressured him to provide petitioner with less than zealous

14

representation or otherwise act differently while defending petitioner. This ground for review is without merit.

## Conclusion

For the reasons set forth above, this petition for writ of habeas corpus is without merit and will be denied. An appropriate final judgment shall be entered.

In addition, the court is of the opinion petitioner is not entitled to a certificate of appealability. An appeal from a judgment denying federal habeas relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the petitioner need not establish that he would prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could revolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. If the petition was dismissed on procedural grounds, the petitioner must show that jurists of reason would find it

debatable: (1) whether the petition raised a valid claim of the denial of a constitutional right and (2) whether the district court was correct in its procedural ruling. *Id*. at 484; *Elizalde*, 362 F.3d 328. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner. *See Miller v. Johnson*, 200 F.3d 272, 280-01 (5th Cir. 2000)

In this case, petitioner has not made a substantial showing of the denial of a constitutional right or shown that the court's procedural ruling concerning his Supplemental Grounds for Review was incorrect. As a result, a certificate of appealability shall not issue.

**SIGNED** this the **29** day of **June, 2010.**

_____
Thad Heartfield
United States District Judge